IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORNUCOPIA INSTITUTE<br>901 Platt Street<br>Eau Claire, WI 54703<br><br>    Plaintiff,<br><br>    v.<br><br>AGRICULTURAL MARKETING SERVICE<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 16-cv-1908<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff The Cornucopia Institute ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Agricultural Marketing Service ("AMS") in failing to provide Plaintiff with all nonexempt records pursuant to its June 3, 2016 request seeking records for all documents that mention Redland Dairy, located near Farwell, Texas.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, The Cornucopia Institute, is a 501(c)(3) organization that, at all times relevant herein, has its primary administrative office in the city of Eau Claire, Eau Claire County, Wisconsin.

5. Defendant Agricultural Marketing Service is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA, 5 U.S.C. § 552(a)(4)(A)(viii), states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)(C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S 2014 FOIA REQUEST CLAIM

14. On or about June 3, 2016 Plaintiff sent a FOIA request to the Agricultural Marketing Service (AMS), seeking, "all records of communications between the Agriculture Marketing service FOIA, 2013-AMS-01201-F, in which AMS asks for the dairies' input regarding any aspect of our FOIA request. This includes copies of any responses the agency received to those requests".

15. On or about June 3, 2016 Tiffanie Smith, on behalf of Defendant, stated that Defendant received the FOIA request on June 3, 2016. Defendant designated tracking number 2016-AMS-04181-F.

16. On or about July 10, 2016 Jason Cole, on behalf of Plaintiff, requested an update on 2013-AMS-01201-F.

17. On or about August 4, 2016 Gregory Bridges, on behalf of Defendant, said "As these 3,516 pages are currently at issue in Case No. 16-cv-148-RC, and are subject to release therein, AMS will not currently be releasing these pages in response to this instant FOIA request (2016-AMS-04181-F)."

18. On or about August, 15 2016 Jason Cole, on behalf of Plaintiff said, " I am writing to hereby appeal the August 4, 2015 response of USDA, Agricultural Marketing Specialist / FOIA Officer Gregory Bridges to my June 3, 2016 FOIA request (USDA FOIA Request No. 2016-AMS-04181-F)."

19. As of the date of the filing of this action, Plaintiff has still not received all nonexempt records from Defendant AMS to Plaintiff's June 3, 2016 FOIA request, nor has Defendant conducted an adequate search."

## VII. CLAIM FOR RELIEF

### Violation of FOIA

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1 –19 previously set forth herein.

21. Defendant AMS has violated FOIA by failing to provide Plaintiff with all non- exempt responsive records for its March 9, 2016 FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

22. By failing to provide Plaintiff with all non-exempt responsive record to its June 3, 2016 FOIA request as described above, and by failing to perform an adequate search for responsive records, Defendant AMS has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

23. Unless enjoined by this Court, Defendant AMS will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described above.

24. Plaintiff is directly and adversely affected and aggrieved by Defendant AMS's failure to provide responsive records to its FOIA request described above.

37. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

38. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare AMS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his Requests submitted on or about June 3, 2016 and by failing to perform adequate searches for responsive records to these FOIA requests.

2. Direct by injunction that AMS perform and adequate search for responsive records for Plaintiffs June 3, 2016 FOIA request, and to provide Plaintiff with all non-exempt responsive records to Plaintiff's June 3, 2016 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

Dated this 26th day of September, 2016.

Respectfully submitted,

Daniel J. Stotter, # WI0015
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR  97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (DC Bar # 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff